IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEROME S. TANNENBAUM and DEBORAH M. TANNENBAUM, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 3:11-1077 |
| v. | ) ) | John Nixon, U.S.D.J. Juliet E. Griffin, U.S.M.J. |
| FEDERAL INSURANCE COMPANY | ) ) | JURY TRIAL |
| Defendant. | ) | |

**STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

This Stipulation is entered into on April 30, 2012 by Plaintiffs Jerome S. and Deborah M. Tannenbaum and Defendant Federal Insurance Company, concerning United States District Court for the Middle District of Tennessee, Case No. 3:11-1077.

Pursuant to Federal Rule of Civil Procedure 26(c), the parties submit this Stipulation and seek a Protective Order to protect the disclosure of certain information that may be subject to disclosure by the parties during discovery in this action. Good cause exists for granting this Protective Order because of the personal or proprietary and confidential nature of that information.

The parties stipulate and agree, through their respective counsel, to the entry of this Protective Order governing the disclosure during pretrial discovery and the subsequent handling of information designated in good faith by each party as confidential(hereinafter collectively referred to as "**CONFIDENTIAL INFORMATION**"), as follows:

1

1.      **Initial Designation.**

1.1      **Produced Documents or Electronically Stored Information (ESI).** A party producing documents or ESI that it believes constitute or contain **CONFIDENTIAL INFORMATION** shall produce copies bearing the designation "**CONFIDENTIAL.**" As used herein, the term "documents or ESI" is as defined in Federal Rules of Civil Procedure 34(a).

1.2      **Interrogatory Answers.** If a party answering an interrogatory believes that its answer contains **CONFIDENTIAL INFORMATION**, it shall set forth its answer in a separate document that is produced and designated as **CONFIDENTIAL** in the same manner as a produced document under subparagraph 1.1. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

1.3      **Inspections of Documents or ESI.** In the event a party elects to produce files, records and/or ESI for inspection and the requesting party elects to inspect them, no designation of **CONFIDENTIAL INFORMATION** need be made in advance of the inspection. If the inspecting party selects specified documents to be copied, the producing party shall designate **CONFIDENTIAL INFORMATION** in accordance with subparagraph 1.1 at the time the copies are produced.

1.4      **Deposition Transcripts.** Any party may designate deposition testimony and exhibits thereto as **CONFIDENTIAL**. The court reporter shall be instructed to separately bind that portion of the deposition transcript and exhibits labeled as **CONFIDENTIAL**. Should any party wish to use a deposition transcript or exhibits attached thereto in any court filing, such filing shall be in accordance with the terms of Paragraph 5.3 below. With respect to any depositions that involve a disclosure of **CONFIDENTIAL INFORMATION** of a party to this

2

action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated **CONFIDENTIAL**, which period may be extended by agreement of the parties. No such deposition transcripts shall be disclosed to any individual other than the individuals described in Paragraphs 5.2(a), (b), (c), (e), and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 5.2(a), (b), (c), (e) above during the thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as **CONFIDENTIAL**, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5.2 and 5.3.

      1.5    **Tangible Storage Media or Devices.** In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend **CONFIDENTIAL** shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon as **CONFIDENTIAL**.

      2.    **Designation by Another Party or Non-Parties.** Any discovery obtained from non-parties may be designated as **CONFIDENTIAL** at the time of production by the non-parties. Should the non-party not make such a designation, any party has the right to designate such CONFIDENTIAL INFORMATION produced by a non-party within seven (7) days after receipt of such material.

      3.    **Objections to Designations.**

      3.1    **Generally.** Any party objecting to an initial designation of

**CONFIDENTIAL INFORMATION**, including objections to portions of designations of multipage documents, shall notify the designating party in writing. The objecting and the designating parties shall conduct a Pre-Filing Conference at a mutually agreeable time. If the designating and objecting parties are unable to resolve their differences, the objecting party shall file a motion challenging the appropriateness of the designation. The designating and objecting parties shall comply with Local Rule 37.01. All documents initially designated as **CONFIDENTIAL** shall continue to be subject to this order unless and until the court rules otherwise. The designating party shall have the burden of proof under Federal Rule of Civil Procedure 26(c) to establish good cause for the Protective Order as to the designation in dispute.

3.2 **Near Trial.** No party may designate material as **CONFIDENTIAL** within sixty (60) days of trial, unless the material is newly produced within such sixty (60) day period (although nothing herein shall waive any party's right to object to the untimely production of material). In the case of designations for such material received within thirty (30) days of trial, the receiving party shall object to the designation within sufficient time so as to allow the matter to be heard by the Court. The objecting and designating parties shall conduct a Pre-Filing Conference as soon as practical as referenced above. If the designating and objecting parties are unable to resolve their differences, the objecting party shall file a motion challenging the appropriateness of the designation which shall be heard on shortened time before a magistrate in advance of trial.

3.3 To the extent consistent with applicable law, the inadvertent or unintentional disclosure of **CONFIDENTIAL INFORMATION** that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of

Case 3:11-cv-01077   Document 23   Filed 05/11/12   Page 4 of 11 PageID #: 159

confidentiality, either as the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated **CONFIDENTIAL** within a reasonable time after disclosure. Such notification shall constitute a designation of the information, document or thing as **CONFIDENTIAL** under this Stipulation and Protective Order.

3.4  No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be **CONFIDENTIAL INFORMATION** under this Stipulation and Protective Order.

4.  **Custody.** During the pendency of this action and, consistent with paragraph 7, below, for up to sixty (60) days after the conclusion of this action (*i.e.*, 60 days after the entry of a final, non-appealable judgment), all **CONFIDENTIAL INFORMATION** and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 5.1, or by the Judge and Jury.

5.  **Handling Prior to Trial.**

5.1  No person may use or disclose **CONFIDENTIAL INFORMATION** or information derived from such materials (excluding information which is derived lawfully from an independent source) except in this action and as set forth in this or any further order of the court; but nothing contained in this order shall affect the right of a party or other witness to use

5

its own **CONFIDENTIAL INFORMATION** as it sees fit. In addition, and without limiting the foregoing, disclosure of **CONFIDENTIAL INFORMATION** shall occur only in accordance with paragraph 5.2 below.

5.2 **Authorized Disclosure. CONFIDENTIAL INFORMATION** shall be disclosed by the receiving party only to the following persons, after having obtained a written acknowledgment from such person that he or she has been advised of the existence and terms of this Protective Order, in the form attached as Exhibit A, except that persons indentified in paragraphs 5.2(d) and (g) shall not be required to sign such writing:

    a. Outside counsel for the parties, including their associates, clerks, paralegal assistants, secretarial and clerical personnel;

    b. In-house counsel for Defendant, including any clerks, paralegal assistants, secretarial and clerical personnel;

    c. Qualified claims representatives of the Defendant;

    d. Qualified persons taking testimony involving such information, such as, necessary stenographic, videotape and clerical personnel;

    e. Experts or independent consultants and their staff who are consulted by counsel for a party;

    f. Parties to the litigation, including their non-legal employees;

    g. The Judge and Jury;

    h. Vendors retained by or for the parties to assist in preparing for pre-trial discovery, trial and/or hearings, including but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audio-visual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff,

stenographic, and clerical employees whose duties and responsibilities require access to such materials.

       5.3    **Disclosure Exception.**  Notwithstanding anything to the contrary, nothing in this Protective Order shall prevent the disclosure of **CONFIDENTIAL INFORMATION** or the terms hereunder to lawyers, accountants, auditors, insurers/reinsurers (if any), together with such insurers/reinsurers' third party service providers, actuaries or intermediaries (collectively "Recipients") or regulators, provided the disclosure of the information is reasonably necessary or is required for tax, financial reporting, or governmental compliance purposes, or to transact the business of insurance.  Prior to disclosure, the Recipients shall be informed of the terms of this Stipulation and Protective Order and confidential nature of the information and shall agree to keep such information confidential.

       5.4    **Unauthorized Disclosures.**  If **CONFIDENTIAL INFORMATION** is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party.  Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the **CONFIDENTIAL INFORMATION** and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

       5.5    **Court Filings.**  Pursuant to the local rules, any party seeking to file with the court **CONFIDENTIAL INFORMATION** must first move the court for permission to file that **CONFIDENTIAL INFORMATION** under seal.  In the event the court denies the request to file said **CONFIDENTIAL INFORMATION** under seal, the parties shall continue to treat

7

the **CONFIDENTIAL INFORMATION** in all other respects as **CONFIDENTIAL INFORMATION** governed under this Protective Order.

6. **Handling During Trial. CONFIDENTIAL INFORMATION** which is subject to this order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

7. **Handling After Conclusion of Action.** Within sixty (60) days following the conclusion of this litigation, which includes any appeal of a final judgment, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of the documents and things containing **CONFIDENTIAL INFORMATION** and to destroy all copies of **CONFIDENTIAL INFORMATION** that contain and/or constitute attorney work product, as well as excerpts, summaries and digests revealing **CONFIDENTIAL INFORMATION**; provided, however, that counsel only may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Stipulation and Protective Order. With regard to the aforementioned obligation to "destroy" all copies of **CONFIDENTIAL INFORMATION** containing and/or constituting attorney work product, or of any excerpts, summaries and digests revealing **CONFIDENTIAL INFORMATION**, as an alternative any party may choose to forward said documents to its outside counsel, who shall redact all **CONFIDENTIAL INFORMATION** from same. Such party's counsel shall then return said documents, in redacted form, to counsel for the other party.

7.1 A party having an obligation to return, destroy or redact **CONFIDENTIAL INFORMATION** under this order shall, within the aforementioned 60 day period, certify in a letter to opposing counsel that all obligations under this order have been completed.

7.2     To the extent a party requests the return of **CONFIDENTIAL INFORMATION** from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

8.      **Subpoena in Another Action.**  Any party receiving a subpoena issued in another action requesting **CONFIDENTIAL INFORMATION** shall be required to notify the designating party within three (3) days of the receipt of such subpoena and provide a copy to allow the designating party to seek a Protective Order or move to quash the subpoena in order to preserve the **CONFIDENTIAL INFORMATION**.  If the designating party does not seek a Protective Order or move to quash the subpoena, the party receiving the subpoena may produce responsive **CONFIDENTIAL INFORMATION** in the other action.  The notice to the designating party required under this section shall be made to the counsel for that party who have signed below on this Stipulation and Protective Order.

9.      **No Implied Waivers.**  The entry of this order shall not be interpreted as a waiver of the right to object to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities.  Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

10.  **Right to Further Relief.**  Nothing herein shall preclude any party from seeking additional or further relief from this Court regarding the protection of confidential material.

The parties have agreed to the entry of this mutually acceptable Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the terms of which are stated above.  The Court finds that the intended purpose of the Stipulation and Order is maintaining the confidentiality of certain of the information exchanged between the parties.

Accordingly, IT IS ORDERED that, if in the course of the proceedings in this action, a party receives information which another party has designated as confidential, the procedures outlined above shall be followed by the parties.

April 30, 2012       s/Timothy L. Warnock

Date

                 Timothy L. Warnock
                 Elizabeth O. Gonser
                 Riley Warnock & Jacobson, PLC
                 1906 West End Avenue
                 Nashville, TN 37203

                 *Attorneys for Plaintiffs Jerome S. and Deborah M. Tannenbaum*


April 30, 2012       s/G. Andrew Rowlett
Date

                 G. Andrew Rowlett
                 Howell & Fisher, PLLC
                 Court Square Building
                 300 James Robertson Parkway
                 Nashville, TN 37201-1107

                 Thomas McKay, III
                 Cozen O'Connor, P.C.
                 Liberty View, Suite 300
                 457 Haddonfield Road
                 Cherry Hill, NJ 08002

                 Admitted *Pro Hac Vice*

                 *Attorneys for Defendant Federal Insurance Co.*


IT IS HEREBY ORDERED:


Dated: May 11, 2012

                 UNITED STATES MAGISTRATE JUDGE

10

EXHIBIT A

I hereby certify that I have read the Stipulation And Protective Order Regarding Confidential Information in the above-entitled action. I agree to be bound by its terms. I also agree that any information I receive pursuant to the Stipulated Protective Order shall not be used other than as provided in the Stipulated Protective Order. I also hereby consent to be subject to the personal jurisdiction of the United States District Court for the Middle District of Tennessee for any proceedings relating to the enforcement of the Stipulated Protective Order.

Dated:_____

_____
[Signature]

Name:_____

Affiliation:_____

Address:_____

           _____

           _____

Phone:_____