IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEROME S. TANNENBAUM; and )
DEBORAH M. TANNENBAUM ) No. 3-11-1077
)
v. )
)
FEDERAL INSURANCE COMPANY )


O R D E R

On August 22, 2012, the parties filed a third supplemental report (Docket Entry No. 36), in which they reported that they had resolved the issues relating to the plaintiffs' pending motion for a protective order or to quash the defendant's subpoena issued to Fifth Third Bank and that the plaintiffs therefore withdrew their pending motion for protective order or to quash.

As a result, the plaintiffs' motion for protective order or to quash subpoena issued on behalf of defendant (Docket Entry No. 16) is DENIED as MOOT.

On August 14, 2012, counsel for the parties called the Court to address the plaintiffs' expert disclosures. See Docket Entry Nos. 35-1 and 35-2.

Plaintiffs' counsel explained that Mr. Marasa is unable to serve as an expert in this case but, if subpoenaed, he would testify. Therefore, Mr. Marasa is not able to provide expert disclosures in accord with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. It is the plaintiffs' position that both Mr. Marasa and Mr. Earhart fall under Rule 26(a)(2)(C), rather than Rule 26(a)(2)(B), because they provided estimates to the plaintiffs for repair work and thus have not been specially retained or specially employed to provide expert testimony in this case. Defendant's counsel expressed concern about deposing Mr. Marasa and Mr. Earhart without having the normal information provided in Rule 26(a)(2)(B) disclosures, especially in light of the fact that the witnesses opine that it will cost over $2,800,000.00 to repair the plaintiffs' property.[1]

_____

[1] Although the Court is somewhat skeptical that the defendant would choose not to depose these witnesses in light of the amount of damages, defendant's counsel also suggested that he is unable to determine whether or not to take the depositions of these witnesses without additional

During the conference call, plaintiffs' counsel cited Chesney v. Tennessee Valley Auth., 2011 WL 2550721 (E.D. Tenn. June 21, 2011), as support for their position. Of the 16 expert witnesses involved in that case, 15 of them were employees of TVA or the EPA. Only one was an employee of what appears to be a private company, all of whom were participants in TVA's ash spill response activities, and all of whom the Court found to be "hybrid" witnesses who were required only to comply with Rule 26(a)(2)(C). In addition, the Court noted that TVA represented that the plaintiffs were well aware of the witnesses' "respective roles, responsibilities, training and professional education." The Court agrees that those witnesses were properly found to fall under Rule 26(a)(2)(C) because they were not retained or specially employed to provide expert testimony nor did the duties of at least the 15 government employees regularly involve giving expert testimony.

The case of American Props. Constr. Co. v. Sprenger Lang Found., 274 F.R.D. 1, 4 (D.D.C. 2011), may provide more support for the plaintiffs' position. In that case, the Court found that two contractors who performed construction work and a third contractor who submitted a bid but did not perform work were not required to produce Rule 26(a)(2)(B) disclosures as long as their testimony was limited to the information obtained and "opinions they formed while performing the tasks they were hired to do in their capacity as contractors."[2] See also Downey v. Bob's Disc. Furniture Holdings, Inc., 633 F.3d 1 (lst Cir. 2011) (Rule 26(a)(2)(C) disclosures were proper for a pest control exterminator who had inspected and treated the plaintiffs' home for bed bugs and who would testify on the issue of causation);[3] Saline River Properties, LLC v. Johnson Controls, Inc., 2011 WL

---

disclosures.

[2] Because the disclosures were made prior to the December 1, 2010, the amendment to Rule 26(a)(2)(C) was not in effect at that time. However, the Court required the parties to comply with Rule 26(a)(2)(C) prior to the witnesses' testifying.

[3] Although the Downey Court clearly held that it does not matter whether the causation opinion was necessary to the treatment, it is certainly possible to read into Downey a requirement that the expert must have arrived at his causation opinion during "treatment," as opposed to arriving at such an opinion in the course of simply providing an estimate for the treatment. See Downey, 633 F.3d at 7 & n.3. The Court notes that categorizing percipient witnesses who have only provided estimates and not performed any remedial work as Rule 26(a)(2)(C) witnesses could be abused by parties who intentionally seek out estimates from persons who would normally be Rule 26(a)(2)(B)

6031943, *9 (E.D. Mich. Dec. 5, 2011) (witnesses who prepared incident reports and "carried out necessary testing and treatment" fall under Rule 26(a)(2)(B)).

Without having the benefit of any briefing from the parties or review of any case law prior to the conference call,[4] the Court opined that the 2010 amendment to Rule 26(a)(2) was not designed to require less expert disclosure but, instead, was designed to require more from a party who intended to offer expert opinions from witnesses who were not specially retained or in the business of providing expert testimony, such as treating physicians.  Such witnesses had previously been exempted from full expert disclosures and parties were only required to identify them under the old Rule 26(a)(1)(A).  Under amended Rule 26(a)(2)(C), parties must now disclose the subject matter on which the witness will testify and a summary of the fact and opinions to which he or she is expected to testify.

However, the Court acknowledged that the plaintiffs' circumstances are unique inasmuch as the expert opinion they seek from Mr. Marasa will come from a witness who cannot make expert disclosures.  Therefore, plaintiffs' counsel should be permitted to author the Rule 26(a)(2)(B) expert disclosures so that Mr. Marasa would not have to affix his signature to full expert disclosures.

With those parameters in mind, counsel agreed to attempt to resolve the matter to their mutual satisfaction and notify the Court if they are unable to come to an agreement.

It is so ORDERED.

               _____
               JULIET GRIFFIN
               United States Magistrate Judge

---

experts to shield them from Rule 26(a)(2)(B) disclosures.  That is clearly not the situation in this case because plaintiffs' counsel explained that he approached Mr. Marasa to prepare Rule 26(a)(2)(B) disclosures and Mr. Marasa advised that his employer would not allow him to serve as an expert. It was only then that plaintiffs' counsel served the defendant with Rule 26(a)(2)(C) disclosures.

[4] The only filing related to the issue made prior to the conference call was the defendant's Notice of Filing Documents (Docket Entry No. 35) to which was appended copies of the plaintiff's expert disclosures and a copy of defendant's letter to plaintiffs' counsel enumerating asserted deficiencies in the disclosures.